## BOX *v.* STATE, 34 Miss. R., 614.

### GAMING.

The manner of selecting the grand jury from those summoned to attend as grand jurors, and who are in attendance, is left to the discretion of the court; and it will not be improper for the court to cause them to be sworn and empaneled in the order in which their names are returned by the sheriff, until a sufficient number are sworn to constitute the grand jury.

A grand jury, under the statute, composed of more than eighteen, and less than thirteen persons, is illegal, and an indictment found by them is void and should be quashed.

Error to Clarke circuit court. HANCOCK, J.

*J. D. Freeman,* for plaintiff in error.

*T. J. Wharton,* attorney general.

HANDY, J.

The plaintiff in error was indicted for gaming, contrary to the statute, and he pleaded in abatement, that the grand jurors by whom the indictment was found, were not drawn by lot from the whole number of persons summoned by the sheriff, and in attendance as grand jurors, for the term at which the indictment was found. To this a demurrer was filed and sustained, and judgment was thereupon rendered against the plaintiff in error.

The question thus presented is, whether, under the act of 1854, prescribing the mode of summoning grand jurors, which was made general by the act of 1856, chap. 3, it is necessary to the legal constitution of a grand jury, that the names be *drawn by lot* from the persons summoned and returned by the sheriff as grand jurors. We can perceive nothing in the statutes referred to, requiring such a course.

It is manifest that the old mode of drawing jurors by lot is abrogated, and a new mode of summoning and empaneling them established by the statute. We have held at this term, that as to the number of persons to compose the grand jury, the statute must be construed with reference to previous acts upon the subject, not repealed, either positively or by implication; and consequently, that although twenty persons were required to be *summoned* to attend as grand jurors, yet it was not intended to make any change in the law, as to the number necessary to compose a legal grand jury. Miller v. The State, 33 Miss. R., 356.

But the manner of *selecting* the persons to compose the jury is not prescribed in the statute, and the old mode is abolished. What course, then, is to be pursued in the proceeding? It appears to be a matter left to the sound discretion of the court, and no good reason can be perceived why the court should not cause the jurors to be sworn and empaneled in the order in which their names are returned by the sheriff, until a sufficient number be sworn to constitute a legal jury.

The second plea sets up the additional ground of defense, that the grand jurors were not drawn "not less than thirteen, nor more than eighteen, as required by law." And this plea was also demurred to, and held insufficient.

This comes within the decision in Miller v. The State; as the plea alleges, in substance, that the grand jury were not composed of the number of individuals required by law.

Upon this ground the judgment must be reversed, the demurrer sustained, and the indictment quashed.